(107 N. W. 972.)

---

THOMAS DOUGHTY V. MINNEAPOLIS, ST. PAUL & SAULT SAINTE MARIE RY. CO.

**Public Lands — Railroad Right of Way — Homesteader's Land — Definite Location of Road.**

Opinion filed May 16, 1906.

The act of congress, approved March 3, 1875, c. 152, 18 Stat. 482 [U. S. Comp. St. 1901, p. 1568], granting a right of way over the public lands for the construction of railroads, confers no right to such easement in lands occupied by a homesteader, whose possessory right attached before the railroad was actually constructed and before its map of definite location had been approved by the Secretary of the Interior, although the company was qualified to take under the act and had determined by a final survey the exact location for its road across the settler's land before the latter acquired any rights.

Appeal from District Court, Foster county; *Burke, J.*

Action by Thomas Doughty against the Minneapolis, St. Paul & Sault Sainte Marie Railway Company. Judgment for plaintiff, and defendant appeals.

Affirmed.

*L. W. Gammons, F. Baldwin* and *Alfred H. Bright,* of counsel, for appellant.

In some of the grants to aid railroad building there was a separate grant of right of way giving title as of the date of the grant the moment the line was located. St. J. & D. C. R. R. Co. v. Baldwin, 103 U. S. 426, 6 L. Ed. 578.

The first in time in proceedings to acquire title to public lands, if the latter are followed up, is first in right. Shepley et al. v. Cowan et al., 91 U. S. 338, 23 L. Ed. 424.

When a map of location is approved, the title rests as of the date of location. St. Paul & S. C. R. R. Co. v. W. & St. P. R. R. Co., 112 U. S. 720, 28 L. Ed. 872; Sioux City & St. P. R. R. Co. v. C. M. & St. P. R. R. Co., 117 U. S. 406, 29 L. Ed. 928.

*S. E. Ellsworth,* for respondent.

Until a grantee under act of congress of March 3, 1875, is specifically named and a definite location given to the line of the route, either by the filing and approval of a plat or profile of the time of route, or by actual construction and operation of the road, no rights accrue to the railroad company. Dakota Central R. R. Co. v. Downey, 8 Land Dec. 115; Jamestown and N. Ry. Co. v. Jones, 7 N. D. 619, 76 N. W. 227.

When a settler takes possession of a tract with a view to preemption before the map of definite location of a railroad right of way thereover has been filed and approved, the railroad company must condemn the possessory right of the preemptor. Jamestown and N. Ry. Co. v. Jones, supra.

Where a railroad company claims title to the right of way under the provisions of section 4 of the act of congress approved March 3, 1875, its rights attach at the date of the last act to be done by the railroad company, i. e., of the approval of the plat and profile of its time of route by the secretary of the interior. Circular of Commissioner Williamson, 2 Copp's Public Land Laws, 816; opinion Sec. Vilas, in R. R. Co. v. Downey, 8 Land Dec. 115; Circular

of Commissioner Stockslager, 12 Land Dec. 423; Red River & Lake of the Woods R. Co. v. Sture, 20 N. W. 229; Lilienthal v. Southern Cal. Ry. Co., 56 Fed. 701; Spokane Falls & N. Ry. Co. v. Zeigler, 61 Fed. 392; Larson v. Oregon Ry. and Nav. Co., 23 Pac. 974; Hamilton v. Spokane & P. Ry. Co. et al., 28 Pac. 408; Enoch v. Spokane Falls & N. Ry. Co., 33 Pac. 966; Chicago K. & N. Ry. Co. v. Van Cleave, 33 Pac. 472; Reidt v. Spokane Falls & N. Ry. Co., 34 Pac. 150; Denver & N. G. R. Co. v. Wilson, 62 Pac. 843.

Title acquired to public land by patent relates back and takes effect as of the date of the filing. Act of Congress of May 14th, 1880 (Supp. U. S. Stat. 140); Shepley v. Cowan, supra; Johnson v. Bridal Veil Lbrg. Co., 33 Pac. 528; Sturr v. Beck, 133 U. S 541, 10 Sup. Ct. Rep. 350.

ENGERUD, J. The plaintiff brought this action to recover from the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, compensation for injury to his land caused by the construction and operation of defendant's railway across the same. A jury was waived, and the action was tried to the court. Judgment was ordered and entered in favor of the plaintiff, awarding him damages in the sum of $1,000. The defendant appealed from the judgment.

The appellant's contention is that the facts found by the court show that the appellant railway company had acquired a right of way over the land in question by virtue of the act of congress, approved March 3, 1875, c. 152, 18 Stat. 482 [U. S. Comp. St. 1901, p. 1568], and that plaintiff took the land subject to defendant's easement therein. No other question is presented by the assignments of error. By failing to settle a statement of the case containing specifications of error and incorporate same in the printed abstract, the appellant must be held to concede that the findings are supported by the evidence. It is expressly conceded that the findings cover all material issues presented by the pleadings. The facts upon which defendant relies to establish its claim to immunity from liability are found by the court substantially as pleaded in the answer; so the question really is as to the sufficiency of the facts pleaded in the answer to show that the defendant had acquired an easement in the land under the act of 1875, before plaintiff's rights attached. On June 25, 1892, the plaintiff's application to enter the quarter section in question was presented to and accepted by the register and receiver of the United States

land office at Fargo. On July 1, 1892, the plaintiff took up his residence on the land under his homestead entry and in all things complied with the federal homestead laws. On November 4, 1899, a patent conveying the title to him was issued. That instrument makes no mention of any easement in favor of the railroad. The defendant railway company was organized in 1891. Its articles were filed with the secretary of the interior on March 26, 1891, and approved by him on April 15, 1891; and it thereby became entitled to the benefit of the act of March 3, 1875. In October, 1891, the company made a preliminary survey of its proposed line of railway across the land; and on May 13, 1892, completed its final survey, definitely fixing the line of its proposed road over the quarter section. The line as surveyed was marked by stakes driven into the ground 100 feet apart, indicating the centre of the roadway to be constructed. The definite location of the route as fixed by this survey was approved and adopted by the company's board of directors on June 17, 1892; being eight days before the plaintiff made his homestead filing. The map or profile of its road as thus definitely located was filed in the local land office at Fargo on July 20, 1892, and received the approval of the secretary of the interior on October 14, 1892. In the latter part of July, 1892, the company constructed its road across the land, on the line as surveyed, and ever since has operated its railway over the roadway so constructed, using and appropriating for that purpose a strip 200 feet wide, 100 feet on each side of the center of the track.

This court held in Jamestown & Northern Railway Co. v. Jones, 7 N. D. 619, 76 N. W. 227, that the benefits of this act of 1875 could be acquired only by compliance with all the conditions imposed by section 4 of that act (18 Stat. 483 [U. S. Comp. St. 1901, p. 1569]), and that a settlement upon the land by a claimant under the federal land laws after the construction of the road, but before approval of the map of definite location, defeated the company's acquisition of a free right of way under the act, as against the settler in possession. That decision was reversed by the United States Supreme Court in Jamestown & Northern Railway Co. v. Jones, 177 U. S. 125, 20 Sup. Ct. 568, 44 L. Ed. 698. That court held that the grant took effect when a grantee qualified to take had definitely located the right of way claimed under the grant. It was held that the actual construction of the road constituted such definite loca-

tion. In the case at bar, the actual work of construction was not begun until after plaintiff's possessory rights accrued. Consequently, if actual construction is the first act sufficiently identifying the definite location of the right of way, then the judgment must be affirmed because the decision of the United States Supreme Court in the Jamestown & Northern case clearly establishes that the grant takes effect, from the date of the definite location and not before. To the same effect is also the decision in Washington & I. Railway Co. v. Osborne, 160 U. S. 103, 16 Sup. Ct. 219, 40 L. Ed. 346. Appellant contends that the final survey definitely locating the right of way is an act on the part of the company which, when promptly followed up by actual construction, is sufficient to constitute a definite location. The argument appeals to us with much force. The necessary inference from the language used by Mr. Justice McKenna, however, in the Jamestown & Northern case is, it seems to us, that actual construction is the only sufficient act, other than compliance with section 4, to constitute a definite location, and the right of way does not exist before actual construction, unless the company's profile map has been approved by the secretary, before the settler's rights attached. That decision is conclusive upon us, and it would be neither proper nor profitable for this court to set forth its own views as to whether or not the language used in that decision ought to be modified.

The judgment appealed from must therefore be affirmed. All concur.